## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 30 2016, 6:05 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Devin Brookins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 30, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1601-CR-169 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Grant W. Hawkins, Judge <br><br> Trial Court Cause No. <br> 49G05-1405-MR-24581 |

**Pyle, Judge.**

## Statement of the Case

Devin Brookins ("Brookins") appeals his conviction by jury of murder.[1] His sole argument is that there is insufficient evidence to support his conviction because the State failed to establish his identity beyond a reasonable doubt. Concluding that the evidence is sufficient, we affirm.

We affirm.

## Issue

The sole issue for our review is whether there is sufficient evidence to support Brookins' conviction.

## Facts

At approximately 2:30 a.m. on May 10, 2014, Michael Willoughby ("Willoughby"), Kenny Neal ("Neal"), and Crystal Ruiz ("Ruiz") went to Sully's Bar and Grill ("Sully's") on the west side of Indianapolis. After having a few drinks, Willoughby joined a group of eight to ten men that were playing a punching-bag video game. At some point, following a verbal confrontation between Willoughby and members of the group, Brookins punched Willoughby in the back of the head. Soon a brawl broke out, with the large group attacking Willoughby, Neal, and even Ruiz, who was apparently the only female

---

[1] IND. CODE § 35-42-1-1.

customer in Sully's. Sully's employees intervened and were able to remove Brookins and the group from the bar.

[4] While Willoughby, Neal, and Ruiz were still inside Sully's, Brookins attempted to re-enter the bar with a gun. Several Sully's employees, including cook Ashley Cronnon ("Cronnon"), bartender Jennifer Ader ("Ader"), waitress Shelby Madison ("Madison"), and security guard David Stephens ("Stephens") saw the weapon in Brookins' hand. Brookins was the only person they saw with a firearm that night. Stephens prevented Brookins from re-entering Sully's, and Brookins walked back to the parking lot.

[5] When Willoughby, Neal, and Ruiz were ready to leave the bar, they checked the parking lot and did not see anyone. Stephens had walked them halfway to their cars when Brookins and the group of other men re-appeared. As several men began hitting Willoughby, Ruiz ran to get her car. By the time she pulled her car around, Willoughby was on his hands and knees crawling towards her while the group of men was hitting him and jumping on him. When Willoughby tried to get up, the men pushed him back down. Ruiz yelled at the attackers and attempted to push them away from Willoughby. Ruiz got on the ground and pulled Willoughby towards her nearby car. As she was on the ground with Willoughby, Brookins approached them with his gun. Ruiz looked at Brookins and asked him to please just let them go. Brookins, however, reached down, put his gun to the back of Willoughby's head, and pulled the trigger, killing Willoughby.

[6] Ruiz, Madison, and Stephens all saw Brookins shoot Willoughby. Bartender Chad Harper ("Harper") saw Brookins approach Willoughby with a gun, heard the shot, and saw Brookins run away from Willoughby. Neal also heard the shot and saw Brookins run away from Willoughby with a gun in his hand. After shooting Willoughby, Brookins jumped into the passenger seat of a white Buick, which sped away from the parking lot.

[7] When police arrived at the scene, Neal, Cronnon, Harper, Ader, and Stephens all identified Brookins in a photo array as either being the shooter or having a gun. Stephens and Madison both recognized Brookins as a previous customer at Sully's. Later that morning, the Indianapolis Metropolitan Police Department was told that Brookins was at a church and wanted "to turn himself in." (Tr. 450). When police officers arrived at the church, Brookins was disheveled and crying. The officers arrested Brookins, who was subsequently charged with murder.

[8] At trial, Ruiz, Madison, and Stephens identified Brookins in court and testified that they saw Brookins shoot Willoughby in the back of the head. Harper testified that he saw Brookins approach Willoughby with the gun and heard the shot. Neal, Cronnon, Ader, Madison, and Stephens testified that Brookins was the only person that they saw at Sully's that night with a gun. A jury convicted Brookins of murder, and the trial court found that a sentence enhancement for Brookins' use of a firearm had been proven. The trial court then sentenced Brookins to fifty-two (52) years for murder, enhanced by five (5) years because of his use of a firearm. Brookins now appeals his conviction.

# Decision

[9] Brookins argues that there is insufficient evidence to support his conviction because the State failed to establish his identity beyond a reasonable doubt. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[10] Brookins contends that his "mere presence . . . with Willoughby, coupled with evidence of an altercation between Willoughby and a group . . . affiliated with Brookins, constitutes insufficient evidence to sustain Brookins' conviction for murder." (Brookins' Br. 11-12). He directs us to *Glover v. State*, 255 N.E.2d 657 (Ind. 1970) in support of his contention that "[a] conviction will not be sustained when the evidence supporting it is the existence of a possible motive because of a prior physical altercation between the victim and the defendant along with the defendant's presence in the general vicinity of the victim prior to his murder." (Brookins' Br. 16).

[11] In *Glover*, the victim's body was found behind a tavern near some trash barrels. He had died from stab wounds and a severed aorta. The victim had been involved in a physical altercation with Glover prior to his death, and had been

seen in the parking lot with Glover before his murder. Although a jury convicted Glover of murder, the Indiana Supreme Court found insufficient evidence to support the conviction and reversed it. *Id.* at 659. Specifically, the supreme court explained that "the sole evidence connecting [Glover] with the crime [was] the existence of a possible motive to the previous scuffle, and his presence in the general vicinity when the crime took place. This is not sufficient." *Id.*

[12] However, the facts in *Glover* are distinguishable from those in the case before us. Here, Ruiz, Madison, and Stephens unequivocally testified that they saw Brookins shoot Willoughby in the head. Harper testified that he saw Brookins approach Willoughby with a gun, heard the shot, and saw Brookins walk away from Willoughby. Neal testified that he heard the shot and saw Brookins run away from Willoughby with a gun in his hand. Neal, Cronnon, Ader, Madison, and Stephens testified that Brookins was the only person they saw that night with a gun. This is sufficient evidence to establish Brookins' identity beyond a reasonable doubt and to therefore support his conviction.

[13] Affirmed.

Bradford, J., and Altice, J., concur.